**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known):* _____     Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Vyaire Medical Consumables LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Kingston Respiratory Consumables LLC** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8  1  -  2  5  8  8  6  1  0 |

4. **Debtor's address**

**Principal place of business**

**26125 N. Riverwoods Blvd.**
Number          Street

**Mettawa, Illinois 60045**
City                    State      Zip Code

**Lake County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                    State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                    State      Zip Code

5. **Debtor's website** (URL)     **https://www.vyaire.com/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor **Vyaire Medical Consumables LLC**    Case number *(if known)* _____
Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . **3391 (Medical Equipment and Supplies Manufacturing)** |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☒ Chapter 11. *Check all that apply:* |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | | | | |
|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | |
| | ☐ Yes. | District _____ | When _____ MM/DD/YYYY | Case number _____ |
| If more than 2 cases, attach a separate list. | | District _____ | When _____ MM/DD/YYYY | Case number _____ |

Debtor    **Vyaire Medical Consumables LLC**  _____  Case number *(if known)* _____

Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | | |
|---|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** | |
| District | **District of Delaware** | When | **06/09/2024** | |
| | | | MM / DD / YYYY | |
| Case number, if known | | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                    State      Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | **Vyaire Medical Consumables LLC** | Case number *(if known)* |
|---|---|---|
| | Name | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| | | | | | | |
|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __06/09/2024__
    MM/ DD / YYYY

**✗**  _/s/ Rachel Lisenby_ _____    Rachel Lisenby
     Signature of authorized representative of debtor    Printed name

Title    __Authorized Signatory_____

| | |
|---|---|
| **18. Signature of attorney** | **✗**  _/s/ Patrick J. Reilley_ _____    Date    __06/09/2024__ |
| | Signature of attorney for debtor    MM/DD/YYYY |

**Patrick J. Reilley**
Printed name

**Cole Schotz P.C.**
Firm name

**500 Delaware Avenue, Suite 1410**
Number                    Street

**Wilmington**                    **Delaware**    **19801**
City                    State    ZIP Code

**(302) 652.3131**                    **preilley@coleschotz.com**
Contact phone                    Email address

**4451**                    **Delaware**
Bar number                    State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Vyaire Medical, Inc.

- **Vyaire Medical, Inc.**
- **Bird Products Corporation**
- **Breathe US Holdco, Inc.**
- **Breathe US Holdings LP**
- **EME Medical, Inc.**
- **Revolutionary Medical Devices, Inc.**
- **SensorMedics Corporation**
- **VIASYS Holdings Inc.**
- **VM Finance Sub, LLC**
- **Vyaire Company**
- **Vyaire Finance B.V.**
- **Vyaire Financial Holdings LLC**
- **Vyaire Holding Company**
- **Vyaire Medical 202, Inc.**
- **Vyaire Medical 203, Inc.**
- **Vyaire Medical 205, Inc.**
- **Vyaire Medical 206, Inc.**
- **Vyaire Medical 211, Inc.**
- **Vyaire Medical BR LLC**
- **Vyaire Medical Capital LLC**
- **Vyaire Medical Consumables LLC**
- **Vyaire Medical International LLC**
- **Vyaire Medical LLC**
- **Vyaire Medical Payroll LLC**
- **Vyaire Receivables LLC**
- **Vyaire Respiratory Diagnostics LLC**
- **Vyaire TSR MidCo, LLC**
- **Vyaire TSR Sub, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VYAIRE MEDICAL CONSUMABLES LLC, | Case No. 24-_____(___) |
| Debtor. |  |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Vyaire Medical LLC | 26125 N. Riverwoods Blvd. Mettawa, Illinois 60045 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VYAIRE MEDICAL CONSUMABLES LLC, | Case No. 24-_____(____) |
| Debtor. | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Vyaire Medical LLC | 100% |

I was

| **Fill in this information to identify the case:** |
|---|
| Debtor name: _____ **Vyaire Medical, Inc., et al.** _____ |
| United States Bankruptcy Court for the ___ **District of Delaware** ___ |
| (State) |
| Case number (*If known*): |

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**            12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SUNMED GROUP HOLDINGS LLC C/O AIRLIFE 2710 NORTHRIDGE DR NW, STE 1 GRAND RAPIDS, MI 49544-9112 | Attn: General Counsel (800) 433-2797 info@myairlife.com | Trade Debt | | | | $3,107,509 |
| 2 | AUGUSTA HITECH SOFT SOLUTIONS LLC 5465 LEGACY DR, STE 650 PLANO, TX 75024-4171 | Attn: General Counsel (866) 962-1010 sales.info@augustahitech.com | Trade Debt | | | | $1,704,669 |
| 3 | ZENSAR TECHNOLOGIES INC 55 W MONROE ST, STE 1200 CHICAGO, IL 60603-5127 | Attn: General Counsel (312) 265-6772 connect@zensar.com | Trade Debt | | | | $1,647,305 |
| 4 | COGNIZANT TECHNOLOGY SOLUTIONS US CORP 500 FRANK W BURR BLVD TEANECK, NJ 07666-6804 | Attn: General Counsel (201) 801-0233 inquiry@cognizant.com | Professional Services | | | | $1,491,234 |
| 5 | AEROTEK INC 7301 PARKWAY DRIVE SOUTH HANOVER, MARYLAND, 21076 | Attn: General Counsel (866) 466-0420 Mperalta@aerotek.com | Contingent Labor | | | | $979,957 |
| 6 | AMAZON WEB SERVICES INC 410 TERRY AVE N SEATTLE, WA 98109-5210 | David Zapolsky (877) 252-0770 zapolsky@amazon.com | Trade Debt | | | | $808,538 |
| 7 | TICIC SUB LLC C/O THE IRVINE CO LLC P.O. BOX 847013 LOS ANGELES, CA 90084-7013 | Attn: General Counsel (949) 398-8930 JMaxwell@irvinecompany.com | Rent | | | | $632,310 |
| 8 | PRESIDIO HOLDINGS INC C/O PRESIDIO NETWORKED SOLUTIONS GROUP 12100 SUNSET HILLS RD, STE 300 RESTON, VA 20190-3295 | Attn: General Counsel (800) 931-3366 elliotbrecher@presidio.com | Trade Debt | | | | $609,177 |

---

[1]  On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | FLEXIM US CORP 1550 MADRUGA AVE, STE 500 CORAL GABLES, FL 33146-3048 | Attn: General Manager (305) 260-4600 jobrien@flexim.com | Trade Debt | | | | $459,158 |
| 10 | VIZIENT INC 290 E JOHN CARPENTER FWY IRVING, TX 75062 | Attn: General Counsel (800) 842-5146 vizientsupport@vizientinc.com | Trade Debt | | | | $381,709 |
| 11 | ITD CORPORATION 2200 TOUCHPOINT ODESSA, FL 33556 | Attn: BILL MILLER (800) 947-3901 salesusa@itd-cart.com | Trade Debt | | | | $371,565 |
| 12 | DLC INC. 20750 VENTURA BLVD, STE 300 WOODLAND HILLS, CA 91364-6236 | Attn: Human Capital 888.957.3400 svigeland@dlcinc.com | Contingent Labor | | | | $367,018 |
| 13 | LINKLATERS LLP TAUNUSANLAGE 8 FRANKFURT AM MAIN, 60329 GERMANY | Attn: General Counsel (+49) 69 71003-0 Michael.bennett@linklaters.com | Professional Services | | | | $363,703 |
| 14 | JABIL CIRCUIT (SHANGHAI) LTD. NO 600 TIAN LIN RD SHANGHAI, 200233 CHINA | Attn: President – Americas 727-577-9749 Bill_peters@jabil.com | Trade Debt | | | | $342,278 |
| 15 | VINCENT MEDICAL FLAT B2/C2 7/F HUNG HOM, KOWOLOON, HK HONG KONG | Attn: Chief Executive Officer +852 2365 5688 Raymond@vincentmedical.com | Trade Debt | | | | $333,837 |
| 16 | RESTRUCTURING PARTNERS & ASSOCIATES LLC 1 ROCKEFELLER PLZ, 10TH FL NEW YORK, NY 10020 | Attn: Ned Kleinschmidt 212.618.6379 nkleinschmidt@rpaadvisors.com | Professional Services | | | | $319,806 |
| 17 | DELL REALTY COMPANY 5215 OLD ORCHARD RD SKOKIE, IL 60077-1035 | Attn: President (847) 966-9669 Jack.faintuch@dell.com | Trade Debt | | | | $285,633 |
| 18 | SALESFORCE.COM INC 1 MARKET ST, STE 300 SAN FRANCISCO, CA 94105-1315 | Attn: Chief Legal Officer 1-800-664-9073 Sebastian.Niles@salesforce.com | Trade Debt | | | | $267,052 |
| 19 | WORKDAY INC 6110 STONERIDGE MALL RD PLEASANTON, CA 94588-3260 | Attn: Legal Counsel 925-951-9522 Michael.magaro@workday.com | Trade Debt | | | | $253,000 |
| 20 | HAYNES AND BOONE LLP 2801 N HARWOOD ST DALLAS, TX 75201-1574 | Sakina Rasheed Foster 214-651-5000 sakina.foster@haynesboone.com | Professional Services | | | | $251,804 |
| 21 | ARYAKA NETWORKS INC P.O. BOX 610307 SAN JOSE, CA 95161-0307 | Attn: General Counsel 1-888-692-7925 support@aryaka.com | Trade Debt | | | | $237,726 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | BDO USA LLP 5300 PATTERSON AVE SE, STE 100 GRAND RAPIDS, MI 49512-9626 | Attn: Chief Executive Officer +1 616-575-423 wberson@bdo.com | Professional Services | | | | $223,318 |
| 23 | CONNEXIO HEALTH LLC 29 INDUSTRIAL PARK DR BINGHAMTON, NY 13904-3201 | Attn: General Manager (315) 335-0004 kkellam@mmcglobal.com | Contingent Labor | | | | $214,876 |
| 24 | DELL MARKETING LP P.O. BOX 676021 DALLAS, TX 75267-6021 | Attn: General Counsel 877-275-3355 Geraldine.tunnell@dell.com | Trade Debt | | | | $213,682 |
| 25 | THE ALEXANDER GROUP 8155 E INDIAN BEND RD, STE 111 SCOTTSDALE, AZ 85250-4827 | Attn: Controller (480) 444-5600 ewalsmann@alexandergroup.com | Professional Services | | | | $212,750 |
| 26 | ASSUREDPARTNERS CAPITAL INC 200 INTERNATIONAL CIR, STE 4500 COCKEYSVILLE, MD 21030-1338 | Attn: Chief Legal Officer (239) 649-1444 Stan.kinnett@assuredpartners.com | Trade Debt | | | | $208,939 |
| 27 | CEVA INTERNATIONAL INC 15350 VICKERY DR HOUSTON, TX 77032 | Nola Kupu (908) 735-7988 Nola.kupu@cevalogistics.com | Trade Debt | | | | $203,432 |
| 28 | DATA MODUL INC 275 MARCUS BLVD HAUPPAUGE, NY 11788 | Carolyn Zatwanicki (631) 951-0800 czatwarnicki@data-modul.com | Trade Debt | | | | $203,183 |
| 29 | ADVANCED PRINTING 649 S B ST TUSTIN, CA 92780-4317 | Martin Jackson (714) 573-0993 advprint@pacbell.net | Trade Debt | | | | $198,035 |
| 30 | REAL STAFFING GROUP 2 HOUSTON CTR 909 FANNIN, STE P-350 HOUSTON, TX 77010 | Devin Elliott (713) 423-1672 d.elliott@realstaffing.com | Contingent Labor | | | | $189,502 |

Fill in this information to identify the case and this filing:

Debtor Name **Vyaire Medical Consumables LLC**

United States Bankruptcy Court for the: **District of Delaware**

(State)

Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement,**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 06/09/2024 | ☒ */s/ Rachel Lisenby* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Rachel Lisenby** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF A SPECIAL MEETING**
**OF THE GOVERNING BODIES**

**June 9, 2024**

After due deliberation, the undersigned, being the (i) board of directors of each entity listed on **Schedules 1-3**, attached hereto, (ii) sole member of each entity listed on **Schedules 4-7** attached hereto, and (iii) general partner of the entity listed on **Schedule 8** attached hereto (the entities identified on **Schedules 1-8**, the "Companies" and, each, a "Company" or a "Filing Entity") (the board of directors, sole member, or general partner of each Company, collectively, the "Governing Bodies" and, each, a "Governing Body"), hereby take the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of each Governing Body, as applicable, pursuant to such Company's limited liability company agreement, bylaws, or limited partnership agreement, as applicable (the "Governing Agreement"), and the respective laws of the state of formation of each such Company:

**CHAPTER 11 FILING**

**WHEREAS**, the Governing Body of each Company has considered (a) presentations by such Company's management team (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of such Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each such Governing Body, and (c) the related matters reported on at meetings of each such Governing Body on and before the date hereof; and

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with Management and the Advisors and has fully considered each of the strategic alternatives available to each Company.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "Bankruptcy Petition") for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED**, that any of the Chief Executive Officer, President, Chief Financial Officer, any Executive Vice President, General Counsel, and Secretary or any other duly-appointed officer

of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as restructuring counsel, (b) the law firm of Cole Schotz P.C. ("Cole Schotz"), as restructuring co-counsel, local counsel, and, to the extent necessary, conflicts counsel, (c) AlixPartners, LLP ("AlixPartners"), as financial advisor, (d) PJT Partners, LP ("PJT"), as investment banker, (e) Omni Agent Solutions ("Omni"), as notice and claims agent and administrative advisor, and (f) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, Cole Schotz, AlixPartners, PJT, and Omni, the "Retained Professionals") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that the Filing Entities will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders party to (i) that certain First Lien Credit Agreement, dated as of April 16, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "1L Credit Agreement"), among Vyaire Company, a Delaware corporation, as holdings, Vyaire Medical, Inc., a Delaware corporation, as U.S. borrower, Vyaire Finance, B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands, as Dutch borrower, Wilmington Trust, National Association, as administrative

agent and collateral agent (the "1L Agent") and each Lender from time to time party thereto (collectively, the "1L Lenders"), (ii) that certain Second Lien Credit Agreement dated as of April 16, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "2L Credit Agreement"), among Vyaire Company, a Delaware corporation, as holdings, Vyaire Medical, Inc., a Delaware corporation, as U.S. borrower, Vyaire Finance, B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands, as Dutch borrower, Wilmington Trust, National Association, as administrative agent and collateral agent (the "2L Agent") and each Lender from time to time party thereto (collectively, the "2L Lenders") and (iii) that certain Note Purchase Agreement dated as of May 3, 2019 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "Note Purchase Agreement"), among Vyaire Company, a Delaware corporation, as holdings, Vyaire Medical, Inc., a Delaware corporation, as U.S. issuer, Vyaire Finance, B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands, as Dutch issuer, Wilmington Trust, National Association, as notes agent and collateral agent (the "NPA Agent" and, together with the 1L Agent and the 2L Agent, generally, the "Agent") and each Purchaser from time to time party thereto (the "NPA Purchasers" and, together with the 1L Lenders and the 2L Lenders, the "Secured Lenders"), (b) the incurrence of debtor-in-possession financing obligations (the "New Money DIP Financing"), and (c) a roll-up facility, representing a roll-up of the obligations under the 1L Credit Agreement (the "Roll-Up DIP Facility" and together with the New Money DIP Facility, the "DIP Facility");

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the DIP Order to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to

secure such obligations;

**RESOLVED**, that the Authorized Signatories of the Filing Entities be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document;

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Filing Entities that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the DIP Order; and

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## APPROVAL OF THE RESTRUCTURING SUPPORT AGREEMENT AND RESTRUCTURING MATTERS

**WHEREAS**, the Governing Body of each Company has reviewed and considered certain materials presented by, or on behalf of, Management and the Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and certain materials including, but not limited to, materials regarding the liabilities, obligations and liquidity of the Companies, the strategic and financial alternatives available to the Companies, and the impact of the foregoing on the Companies' businesses and operations and the businesses and operations of the Companies'

affiliates;

**WHEREAS**, the Restructuring Support Agreement contemplates that each of the Companies will, among other things, file a Bankruptcy Petition;

**WHEREAS**, each Governing Body has reviewed and considered presentations by Management and the Advisors regarding the advantages and disadvantages of the debtor-in-possession financing facility and other transactions contemplated in the Restructuring Support Agreement;

**WHEREAS**, each Governing Body has also reviewed, evaluated and considered drafts of the Restructuring Support Agreement presented to each such Governing Body;

**WHEREAS**, each Governing Body has had adequate opportunity to consult with Management and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, each Governing Body has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest that the Companies, their subsidiaries, and the other parties thereto.

**NOW, THEREFORE, BE IT HEREBY**

**RESOLVED**, that the Governing Body of each Company has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to the best interests of such Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest that such Company shall be, and hereby is, in all respects approved and authorized to file, or cause to be filed, a Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code (including all matters contemplated by the Restructuring Support Agreement and the postpetition credit facility memorialized by the DIP Financing Agreement and any of the other DIP Loan Documents (the "DIP Financing"), including any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale or other fundamental transaction contemplated thereby, collectively, the "Restructuring Matters") in the Bankruptcy Court for the Companies; and, in accordance with the requirements of the Governing Agreements and applicable law, hereby consent to, authorize, approve, confirm and ratify all actions in connection with, the filing of the respective Bankruptcy Petition;

**RESOLVED**, that any of the Authorized Signatories (acting at the direction of each Governing Body or in a good faith manner consistent with its recommendations), each acting individually and with full power of substitution be, and hereby is, authorized and approved to

execute and file on behalf of the Companies all agreements, certificates, instruments, powers of attorneys, letters, forms, deeds, mortgages, resolutions, consents, petitions, schedules, lists, and other motions, papers, materials or documents, and to take any and all action that such Authorized Signatory deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Companies;

RESOLVED, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest that each such Company and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to each Governing Body, with such changes as approved by one or more Authorized Signatories, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof) and that the Companies' performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed and ratified;

RESOLVED, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest, that the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby) and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Companies' entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed and ratified;

RESOLVED, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, together with the Advisors, to file all other documents deemed necessary to support the Restructuring Matters, including, but not limited to, any amendments to and modifications of any documents deemed necessary; and

RESOLVED, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

**GENERAL**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Agreement of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein

## SCHEDULE 1

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Company | Delaware |
| 2. | Vyaire Medical 202, Inc. | Delaware |
| 3. | Revolutionary Medical Devices, Inc. | Arizona |
| 4. | Bird Products Corporation | California |
| 5. | Vyaire Medical 203, Inc. | Delaware |
| 6. | Vyaire Medical 205, Inc. | Illinois |
| 7. | Vyaire Medical 206, Inc. | Delaware |
| 8. | Vyaire Medical 211, Inc. | Delaware |
| 9. | EME Medical, Inc. | Delaware |
| 10. | SensorMedics Corporation | California |
| 11. | VIASYS Holdings Inc. | Delaware |
| 12. | Breathe US Holdco Inc. | Delaware |

## SCHEDULE 2

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Finance B.V. | Netherlands |

## SCHEDULE 3

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Medical, Inc. | Delaware |

## SCHEDULE 4

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Receivables LLC | Delaware |
| 2. | VM Finance Sub, LLC | Delaware |

## SCHEDULE 5

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Medical LLC | Delaware |
| 2. | Vyaire Financial Holdings LLC | Delaware |
| 3. | Vyaire TSR Sub, LLC | Delaware |
| 4. | Vyaire TSR MidCo, LLC | Delaware |

**SCHEDULE 6**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Medical BR LLC | Delaware |
| 2. | Vyaire Medical Capital LLC | Delaware |
| 3. | Vyaire Medical Consumables LLC | Delaware |
| 4. | Vyaire Medical International LLC | Delaware |
| 5. | Vyaire Medical Payroll LLC | Delaware |

**SCHEDULE 7**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Vyaire Respiratory Diagnostics LLC | Delaware |

**SCHEDULE 8**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Breathe US Holdings LP | Delaware |

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____
Vikram Bajaj

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES LISTED ON SCHEDULE 1

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____
Rachel Lisenby


_____
Gijsbert van Kampen



BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 2

DocuSign Envelope ID: 666DA2E4-8089-4F42-A6A6-A6DA4590SC2B

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Rachel Lisenby

Gijsbert van Kampen

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 2

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____
Vikram Bajaj

_____
John Bibb

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 3

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____
Vikram Bajaj

_____
John Bibb

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 3

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.



_____
Rachel Lisemby

VYAIRE FINANCIAL HOLDINGS LLC, BEING THE SOLE MEMBER AND MANAGER OF THE COMPANIES LISTED ON SCHEDULE 4

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Vikram Bajaj

VYAIRE MEDICAL, INC., BEING THE SOLE MEMBER AND THE MANAGER OF EACH OF THE COMPANIES LISTED ON SCHEDULE 5

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____

Vikram Bajaj

VYAIRE MEDICAL LLC, BEING THE
SOLE MEMBER AND THE MANAGER
OF EACH THE COMPANIES LISTED ON
SCHEDULE 6

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____
Vikram Bajaj

VYAIRE MEDICAL 211, INC., BEING THE SOLE MEMBER AND THE MANAGER OF THE COMPANY LISTED ON SCHEDULE 7

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_____
Vikram Bajaj

BREATHE US HOLDCO INC. BEING THE GENERAL PARTNER OF THE COMPANY LISTED ON  SCHEDULE 8